## Case No. 6,418.

### In re HERPICH.

[7 Biss. 387; 15 N. B. R. 426; 9 Chi. Leg. News, 253; 4 Law & Eq. Rep. 29.] [1]

Circuit Court, S. D. Illinois. March 5, 1877.

BANKRUPTCY—WARRANTS OF ATTORNEY—ILLEGAL PREFERENCE.

1. Warrants of attorney given by a debtor to his creditor, even when given more than two months before bankruptcy proceedings, are fraudulent if the creditor knew at the time they were given that the debtor was insolvent.

2. If, under such warrant of attorney, the creditor gets judgment and levies an execution, he will not be allowed to have a preference.

[Cited in Re Hauck, Case No. 6,219.]

3. Conflicting decisions of the United States supreme court cited and commented upon.

[Appeal from the district court of the United States for the Southern district of Illinois.]

Petition of several creditors of the bankrupt [August Herpich] for a review of an order of the district court, in refusing to allow them a preference.

Tenneys, Flower & Abercrombie, for petitioning creditors.

Littler & Paton, for assignee.

DRUMMOND, Circuit Judge. On the 5th of February, 1876, the bankrupt being indebted to various parties, gave to the petitioners in review, for a debt previously due to them for goods sold and delivered, eight promissory notes, amounting altogether to $1,893.35. These notes were respectively payable at sixty and ninety days, and at four, five, six, seven, eight and nine months after date. Accompanying these notes were warrants of attorney, authorizing judgment to be entered at any time after they were executed for the amount that might be found due at the time. Accordingly, on the 12th of April, a little more than two months after the notes were executed, judgment was entered up in the superior court of Cook county, for the sum of $2,078.48, being the amount due at the time, the notes all drawing ten per cent. interest from date. An execution was issued on the same day against the bankrupt, and a levy was made by the sheriff on his property. On the 22d of April, ten days afterwards. a petition in bankruptcy was filed against the bankrupt, and the petitioners in review were enjoined by the district court from proceeding further with the sale under their execution, and the property was placed in the hands of an assignee, who was afterwards appointed, and who sold it, and the proceeds were paid into court, and thereupon these petitioners in review made application to the district court to have the whole of their judgment paid in preference to the claims of other creditors. [Case unreported.]

This application was refused by the district court, and the question now is, whether the refusal was correct. I think it was. I have to assume upon the facts in the record of this case, that at the time these notes were executed and warrants of attorney given, the bankrupt was insolvent, and proceedings in bankruptcy imminent. It was not a case of actual insolvency, unknown to the bankrupt, but one of insolvency known to him to be such at the time the notes were executed. It was also known to the petitioners in review that he was insolvent at the time they took the notes and warrants of attorney, and the question is, whether on such a transaction taking place, notes given, and warrants of attorney to confess judgment, and insolvency known and understood on both sides, and a petition in bankruptcy filed, though more than two months afterwards, it can stand as a valid security against the other creditors. Now, it is true that the supreme court has decided in the case of Wilson v. City Bank, 17 Wall. [84 U. S.] 473, that an insolvent party may be sued, and the creditor may obtain a judgment, and there may be no defense, and the creditor may know the party to be insolvent, and yet, if the suit is thus brought in the usual course of litigation, and undefended, judgment obtained, and execution issued, the creditor has obtained a valid prior lien upon property levied upon, as against other creditors.

This case rather took the profession—certainly a great many of the district judges, who had decided otherwise—by surprise, as it seemed to be making an attack upon what was supposed to be one of the principles of the bankrupt law [of 1867 (14 Stat. 517)], that where a party was insolvent and did anything or intended to do anything by acquiescence merely, producing such a result, he thereby allowed, or suffered some of his creditors to get a preference over others; but in the case referred to, it will be observed, that the court qualified the decision by saying, that very slight circumstances on the part of the bankrupt might be sufficient to invalidate the lien. It is also true that in the case of Clark v. Iselin, 21 Wall. [88 U. S.] 360, and in the case of Watson v. Taylor, Id. 378, the supreme court has made decisions which some of us who are called upon to administer the bankrupt law practically, thought, was going very far and interfered seriously with the settlement upon equitable principles of the rights of creditors to a bankrupt estate. The court decided that a party might give notes with warrants of attorney to confess judgment when he was solvent at the time, and the creditor to whom they were given might put the warrants in his pocket and hold them for an indefinite time, unknown to all who dealt with the debtor, and as soon as there was any apprehension, or it was thought necessary for the protection of his interest, he could take out these warrants of attorney, file them and have judgment entered up and execution issued, and thus obtain a preference.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Law & Eq. Rep. 29, contains only a partial report.]

These decisions were made under a strong dissent by three of the judges, who dissented upon a principle, which for my own part I have always thought sound, namely, that when a warrant of attorney to confess judgment was given, it was a continuing power, and when the creditor entered up judgment on the warrant of attorney, it was at the time the act of the debtor, through or by his attorney, the power continuing to operate;—but the majority of the court thought otherwise.

They say that it was the act of the debtor at the time it was executed, but did not become his act at the time that the warrant of attorney was entered up by a judgment; that was the act of the creditor, they say. We are bound, of course, by the decision, but it always has seemed to me a hard rule for the other creditors that a man should be permitted to go on and do business, indefinite in amount and time, with any number of warrants of attorney to confess judgment placed away in the pockets of some of his creditors, ready to be entered up at any time whenever his pecuniary condition should become precarious, but it has been so decided, and we submit, and if this were that case, we would follow that decision; but it is not. One of the grounds upon which the supreme court has put its decision in the cases named is, that at the time the warrants of attorney were executed, the party who gave them was solvent, though afterwards he may have become insolvent; that it was a valid security at the time; and although they refer to the 35th section of the bankrupt law, still it is very clear, both from the opinion of the majority of the court in Clark v. Iselin [supra], as well as of the minority in Watson v. Taylor [supra],—a minority which dissented in both cases,—that the decision of the cases was put upon two grounds. First, upon general principles of law, the majority declaring that, resting upon them, their conclusions were sound; and secondly, that the act in question was not rendered invalid by the 35th section of the bankrupt law. The minority maintained that it was invalid on both grounds.

It is to be observed that the judge who wrote the opinion in Wilson v. City Bank [supra] dissented in Clark v. Iselin and in Watson v. Taylor; and see his comment on his own opinion in Little v. Alexander, 21 Wall. [88 U. S.] 503. These warrants of attorney were not technically invalid under the 35th section of the bankrupt law as it now stands, for while formerly the act must have been done within four months of filing the petition in bankruptcy, as the section was amended in 1874 [18 Stat. 180], it required only two months in involuntary bankruptcy; but there is an element in this case which is not necessarily involved in the 35th section. It may happen that a man may be insolvent and not know it. He may be contemplating insolvency and be solvent at the time. In the case now before us, however, there was something more than what was required by this section. Here the bankrupt was not only insolvent at the time he made the warrants of attorney, but he knew it, and the creditors knew it also. The bankrupt necessarily knew the consequences of his own act, and it is clear the warrants of attorney in this case were given and received for the purpose of enabling these creditors in review to obtain a preference over other creditors. It is manifest, too, if we examine the language of the majority of the court in the case of Clark v. Iselin, 21 Wall. [88 U. S.] 373, that they place great stress upon the fact that at the time there was something valuable passed from the creditor to the debtor, who gave the warrant of attorney, because, they say, the question of unlawful preference would depend upon whether there was a present consideration, or it was for a pre-existing debt.

Now in this case, these warrants of attorney were given for a pre-existing debt. So that I think upon general principles these warrants of attorney were a fraud upon the law by the bankrupt and the petitioners in review, and I do not feel inclined to follow the cases of Clark v. Iselin and Watson v. Taylor, unless it appears that the case before me is brought necessarily within their terms; and as this case is not, I hold that the district court decided rightly, and that these warrants of attorney were a fraud upon the law, and that these petitioning creditors would obtain an unjust preference if their petition to the district court to allow the whole of their claims to be paid were granted. Judgment of district court affirmed.